IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY HASKINS, | : | |
| | : | 1:11-cv-706 |
| Petitioner, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Malachy E. Mannion |
| COURT OF COMMON PLEAS, | : | |
| DAUPHIN COUNTY DISTRICT | : | |
| ATTORNEY'S OFFICE, PA | : | |
| DEPARTMENT OF | : | |
| CORRECTIONS, and PA STATE | : | |
| ATTORNEY GENERAL, | : | |
| | : | |
| Respondents. | : | |

## MEMORANDUM

### June 8, 2011

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Malachy E. Mannion (Doc. 7), filed on May 19 2011, which recommends that Anthony Haskins' Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be dismissed without prejudice. Objections to the R&R were due by June 6, 2011 and to date, none have been filed. Accordingly, this matter is ripe for our review. For the reasons that follow, the R&R shall be adopted in its entirety and this matter shall be dismissed without prejudice.

1

I.  **STANDARD OF REVIEW**

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it.  Thomas v. Arn, 474 U.S. 140, 149 (1985).  According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987).  "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998).  The Court's examination of this case confirms the Magistrate Judge's determinations.

II.  **DISCUSSION**

On April 14, 2011, Petitioner filed the instant petition for writ of habeas corpus claiming that his right to speedy trial was violated in the Dauphin County Court of Common Pleas.  Magistrate Judge Mannion located the docket sheet related to Petitioner's case and discovered that Petitioner presently has an appeal of

his convictions pending before the Superior Court.  Due to the procedural posture of Petitioner's state court criminal case, Magistrate Judge Mannion determined that the doctrine of *Younger* abstention[1] applies and as a result, the instant petition must be dismissed.

As we have already mentioned, the Petitioner has not filed objections to this R&R.  Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety.  With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case sub judice.  An appropriate Order shall issue.

---

[1] Younger v. Harris, 401 U.S. 37, 41 (1971) holds that federal courts should exercise their discretion to abstain from interfering with pending state criminal proceedings.